**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **DONALD WINBORNE,** | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV400 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **MICHAEL J. ASTRUE, Commissioner of Social Security Administration,** | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Donald Winborne's Motion for Leave to File Complaint Out of Time (Filing No. 2).[1]  On September 10, 2008, Winborne filed his complaint for review of a final decision denying his applications for disability insurance benefits and supplement security income benefits.  See Filing No. 1.  Winborne alleges he exhausted his administrative remedies.  *Id.*  On June 25, 2008, the Appeals Council denied further review.  *Id.*  Winborne states his action before this court was filed seventeen days out of time.  Winborne's counsel gives some explanation for the delay.  See Filing No. 2.

The regulations permit judicial review of an Appeals Council decision providing that the action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council individual, institution, or agency, ***except that this time may be extended by the Appeals Council upon a showing of good cause***."  20 C.F.R. § 422.210(c) (emphasis added); see 42 U.S.C. § 405(g).  Both the United States Supreme Court and the Eighth Circuit have recognized that § 405(g)'s limitations period may be equitably tolled under certain circumstances.  See *Bowen v. City of New York*, 476 U.S. 467, 480 (1986); *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).  Tolling only applies

---

[1]As a convenience, this document contains certain cross-document hyperlinks to documents previously filed in this case.  This document also contains links to the Nebraska local rules and legal citation from the federal reporters.  The hyperlinked documents appear in blue underlined text.  Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements.  The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

in "rare cases" such as where "the Government's secretive conduct prevents plaintiffs from knowing a violation of rights . . . ." *Bowen*, 476 U.S. at 479-81. However, "given the nature of social security, equitable tolling of the limitations period is 'not infrequently appropriate.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005).

On the record before the court, there is not enough evidence to determine when Winborne *received* notice that his request for review had been denied, whether he sought (or seeks) an extension of time from the Appeals Council or whether equitable tolling principles may apply. Furthermore, the Commissioner's involvement may be necessary to resolve the issues raised by Winborne. Accordingly,

**IT IS ORDERED:**

1. Donald Winborne's Motion for Leave to File Complaint Out of Time (Filing No. 2) is denied, without prejudice.

2. Donald Winborne shall have leave to serve the complaint on the defendant.

DATED this 15th day of September, 2008.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge